FRANKFORT BANK *versus* BENJAMIN JOHNSON & al.
SAME *versus* SAME.

No action can be maintained against the sureties on an official bond of the cashier of a bank, where the breaches assigned are all for unfaithfulness in office after a reappointment, and after the giving and acceptance of a new bond.

THE first of these actions was debt upon a bond dated Aug. 16, 1836; and the second upon another bond, dated October 20, 1838. There was a third bond given by Johnson, as cashier of the bank, on October 7, 1839, on which a third suit had been brought. The sureties were not the same in the two first bonds as in the last. The facts are given at the commencement of the opinion of the Court.

SHEPLEY J. presided at the trial, and ruled that the action could not be maintained for the recovery of damages sustained by the unfaithfulness of the cashier after he had been reappointed and had given a new bond. The verdict of the jury in the first action was for the defendants ; and in the second, under the same ruling, the defendants offered no evidence, and a nonsuit was ordered. The plaintiffs filed exceptions.

*W. Kelley* and *Merrill* argued for the plaintiffs, contending, · that there was nothing in the law which made it necessary, that there should be an annual election of cashier of a bank, , but merely, that a new bond should be taken annually. By the condition of the bond, the obligors were holden so long as the principal should be cashier of the Bank. The new bond is not a substitute for the old one, but merely an additional security to the plaintiffs. *Dedham Bank* v. *Chickering*, 3 Pick. 335 ; 1 Metc. & P. Dig. 390.

*Hathaway* and *Hubbard* argued for the defendants, contending, that when a new election was made and a new bond was given, that the first bond could be a security, only for the good conduct of the cashier until the giving of the second bond. It is like the case of an election of a city or town treasurer for a second and third year, where the sureties are liable but for the defaults happening during their year.

The opinion of the Court was by

WHITMAN C. J. — These are actions of debt upon two several bonds. The defendant, Benjamin Johnson, was, in 1836, when the bank of the plaintiffs went into operation, elected its first cashier ; and as such gave the bond, with the other defendants, as his sureties, declared upon in the first of these suits, conditioned that he should faithfully perform the duties pertaining to that office during his continuance therein. It does not seem to have been then contemplated, that any new election would be annually necessary. In 1838, however, an act was passed, making it the duty of the directors of the several incorporated banks in this State, to require of their cashiers a renewal of their official bonds, in the month of

October, annually. The directors of this institution thereupon, in the month of October of that year, proceeded to a new election of a cashier; and said Johnson was then duly reelected; and, as provided in the statute, gave a new bond, on which the second suit is founded. And in 1839, another election of cashier took place, and Johnson was again reelected; and gave a new bond, as by law required. No default occurred, it seems, till after the last reelection, nor until after the execution of the third bond; and these two suits are instituted to recover for defalcations, which subsequently took place. And the case of the *Dedham Bank* v. *Chickering & al.* 3 Pick. 335, is supposed to be an authority decidedly supporting the claim. This authority is entitled to very great respect, considering the source from whence it comes; but, the decision having taken place since we were separated from Massachusetts, if not convinced of the soundness of the reasoning in support of it, we should not hold ourselves absolutely concluded by it. The Court in that case do not consider the occurrence of a new election of the cashier as, of itself, interrupting the continuance in office under the former election. To us it seems that this conclusion may not be entirely free from doubts of its correctness. But, however that may be, we think the case at bar distinguishable from that case. In that case no new bond had ever been given upon a reelection. It does not distinctly appear, therefore, that the cashier ever accepted of any new appointment; in which case it might be reasonable that his liability, and that of his bondsmen should be considered as continuing; for when elected, without reference to an annual appointment, he might be considered as holding under his first appointment, till qualified under a new one. But when a new appointment was made and accepted, and a bond given for the faithful discharge of the duties under it, his former appointment might well be considered as having terminated, and all liability under it as ceasing thereafter to accrue.

Again, if each set of bondsmen were to be holden answerable for all the defalcations, taking place after the giving their

Frankfort Bank v. Johnson.

respective bonds, the consequence might be at law, that the plaintiffs would recover for the same defalcation as many times as there were sets of bondsmen anterior to its occurring. Neither performance nor accord and satisfaction could be pleaded by those against whom a recovery had not been had. Such consequences could never have been fairly in contemplation by the parties; and contracts must be construed in conformity to what must be believed to have been intended by the parties. In doing this the subject matter to which the contract relates, and the circumstances and situation of the parties, to which it has reference, will be taken into view. The defendant, Johnson, had been elected cashier of a Bank. The bonds have reference to him as such ; and to the duties, which were to be required of him in such an office. If the office were depending on an annual election the bond might well be deemed to have reference to such a tenure ; especially in the absence of explicit stipulations to the contrary. And if it were for an indefinite period, it might well be understood, that the liability of his bondsmen should not extend beyond the time for which he should be allowed to hold the office under it. It would seem to be difficult to believe that these plaintiffs, when they made a new appointment of the defendant, Johnson, and took a new bond of him, could have fairly contemplated holding the former bondsmen responsible for defalcations, which might thereafter accrue. And moreover the Legislature, when they required the renewal of the bonds annually, cannot well be believed to have contemplated that the bondsmen of each year should be holden responsible for the fidelity of cashiers, except for the year for which the bonds were taken.

We are, therefore, of opinion that in the first suit the exceptions must be overruled, and that judgment therein be entered upon the verdict; and as to the second, that judgment be entered upon the nonsuit.